## WALKER *et al. vs.* WALKER *et al.*

1. Where a testator directed by will that certain slaves should be transported to Liberia by his executor, and that all of his estate should be converted into money and invested for their use, and pending *caveat* to said will the executor, in 1857 or 1858, loaned out the money to good and solvent parties, and a court of equity decreed that the funds should be invested in state or municipal bonds:

*Held,* on suit by the *cestui que trusts* against the heirs of the trustee for an account, it was competent to show that the funds were so loaned pending the *caveat* and the failure to collect by reason of the war, stay laws, etc., as illustrative of the *bona fides* of the trustee.

2. When on the trial of such case the statute of limitations of 1869 was relied on, it was error in the court to conclude the question of fraud and corruption in the trustee on any given state of facts, but he should leave such conclusion of fraud and corruption to be reached by the jury, arising out of the facts shown and the law applicable to them.

3. If one having as a trust fund promissory notes on good and solvent persons in October, 1858, was directed by the decree of a court of equity, when collected or received, to invest in state or municipal bonds, fails to so collect and invest in good faith, but in 1863, by order of the judge of the superior court, invests the same (being collected in Confederate money) without fraud, in Confederate bonds, he will be protected under the act of 1869, against all who were *sui juris* in 1870, or became so nine months and sixteen days before instituting suit therefor.

HAWKINS, Justice.