## 35176.   ROUNTREE *v.* DAVIS.

DECIDED MAY 13, 1954—REHEARING DENIED MAY 26, 1954.

*Leon L. Polstein, Brannen, Clark & Hester,* for plaintiff in error.

*Gilbert E. Johnson, Oscar C. Burnett, Jr.,* contra.

GARDNER, P. J. This is a peculiar case, in that originally it involved three parties, the plaintiff, the defendant, and the discount corporation. It was filed in a court of equity. The law which ordinarily applies to rescission of contracts between a seller and purchaser is not, under the nature of this case, solely involved here. The trial court so recognized and conducted the trial accordingly. The case is not one for damages for fraud. It sought rescission of the whole transaction concerning the three parties, the cancellation of certain papers, and the restoration to the plaintiff of the Chevrolet or damages therefor. Code § 37-122 reads: "Where law and equity have concurrent jurisdiction, whichever first takes jurisdiction shall retain it, unless a good reason shall be given for the interference of equity." Section 37-701 provides: "In all cases of fraud (except fraud in the execution of a will) equity has concurrent jurisdiction with the law." Code § 37-105 provides: "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject matter of the suit, provided the court has jurisdiction for that purpose." At the time of the trial the defendant had disposed of the Chevrolet and it could not be returned to the plaintiff. Code § 37-111 provides: "A bona fide purchaser for value, and without notice of an equity, will not be interfered with by equity." It necessarily follows that a court of equity would submit the facts to a jury to determine the amount of recovery, if any, to which the plaintiff would be entitled under the principles of justice and equity. We might call attention in this

connection to the provisions of Code § 37-706, as follows: "Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." It is a jury question. See *Walker* v. *Walker*, 66 *Ga.* 253, and *Keiley* v. *Citizens Savings Bank &c. Co.*, 173 *Ga.* 11 (159 S. E. 527).

The evidence reveals that the defendant received as a part payment on the Plymouth the proceeds of the loan from the discount corporation. He also received $1,100 (less $287.43, the amount owed on the Chevrolet by the plaintiff) from the sale of the Chevrolet, a net sum of $812.57. The jury returned a verdict for $725. This amount is supported by the evidence, and in equity the plaintiff is entitled to this sum, according to this record. It will be noted that in the statutory grounds there is this provision: "Because the verdict is contrary to law and the principles of justice and equity." The reverse of this principle is true in the instant case. The assignment of error on the general grounds is without merit.

2. (a) We come next to consider the special grounds. We will deal with them together. They are: Ground 1. Because the court erred in refusing to give the following requested charge: "I charge you that in order for the plaintiff to recover in an action of this kind, he must first prove an effective and legal rescission of the sale, and to do this he must prove that he restored or offered to restore the defendant to the position he was in before the sale. In this case, such restoration would require the plaintiff to have returned or to have offered to return to the defendant Rountree the 1953 Plymouth with a good and clear legal title thereto, and to have returned or to have offered to return the amount of money paid by the defendant to pay off the mortgage on the plaintiff's Chevrolet. If you believe from the evidence that the plaintiff made a tender as just described, then you would be authorized to find that the rescission was effective. If on the other hand, you believe from the evidence that an effective tender was not made, then your verdict would be for the defendant Rountree without regard to other aspects of this case." Error is assigned as follows: "The above requested charge was pertinent and applicable to the evidence of the case, and the defendant submitted such request to charge in writing before

the jury retired to consider their verdict. Defendant shows that said written request to charge was accurate and sound as a proposition of law, and that the request was not accurately covered or substantially covered by the general charge. The particular matter in issue to which the written request to charge was particularly adjusted was: The necessity for the plaintiff to have returned or to have offered to return to the defendant Rountree the 1953 Plymouth with a good and legal title thereto, and to have returned or to have offered to return the amount of money paid by the defendant Rountree to pay off the mortgage on the plaintiff's Chevrolet in order for the plaintiff to have restored the defendant to the position he was in before the sale, and the refusal so to charge was prejudicial and harmful to the defendant Rountree for the following reason: The jury was not clearly advised of these things which the plaintiff had to do in order to have legally and effectively rescinded the contract of sale, which was a necessary prerequisite to a recovery in this case."

Ground 2 complains because the court erred in charging the jury as follows: "I charge you that in order for buyer to recover in an action of this kind, he must first prove an effective and legal rescission of the sale, and to do this, he must prove that he restored or offered to restore the defendant to the position he was in before the sale, unless defendant owed petitioner sufficient money to cover any claim defendant might have upon it; that is to say, gentlemen, if the defendant, the man who has the car, if he had advanced money on it in order to try to help along with the case or to perfect his title, if he had done that and improved the value of the property or removed the lien on it, why, then, the party claiming rescission must refund that money first, unless the circumstances are such that the man who did the advancing of the money of the other party which he can legitimately use to pay the obligation or pay himself back for the advances he has made."

Error is assigned on this excerpt as follows: "Defendant shows that said charge was erroneous and injurious to him because it was misleading and confusing to the jury. The charge was misleading, confusing and prejudicial to the defendant because it injected into the abstract principle of law facts which were neither alleged in the petition nor proved by the evidence, namely

that the defendant Rountree had money of the plaintiff's in his possession at the time the plaintiff attempted to rescind the contract of sale by abandoning the Plymouth on the defendant's lot, which money he could use to pay back such advances made by the defendant for the plaintiff. Defendant avers that said charge was erroneous and not sound as an abstract principle of law." It might be well in this connection to set forth the judgment of the trial court in denying the motion for new trial as amended, since the judge deals with the special grounds and the general grounds. That order reads: "The first ground of the amended motion complains of the failure of the court to make a requested charge as quoted therein. The court did not think this request was adapted to the evidence and revised the request quoted so as to make the charge in line with the evidence and the law—quoted in ground two of the amended motion. The Chevrolet being sold by plaintiff for $1,100.00 on May 2nd and suit filed May 12, 1953, the court figured that Mr. Rountree should have had in his hands at the time the suit was filed and on the trial of this case, not only sufficient money to pay the amount required to clear the $287.43 due a third party loan company but he should have had that and more than the amount of the verdict. It would be vain and useless to require plaintiff to pay to defendant, $287.43 when the defendant had in his hands at the time the suit was filed and tried, several times that amount. The court is of the opinion both special grounds of the amended motion for new trial should be overruled. What is said above will apply to the general grounds of the amended motion. The questions of fact were for the jury. The court is of the opinion that the law was fairly and fully charged. Thereupon, the court overrules all grounds of the motion for new trial as amended. And it is so ordered."

(b) We have studied the many cases cited by counsel for the defendant, which primarily deal with rescission for fraud, under the evidence and the charge of the court. They are *Walters* v. *Hagen*, 53 *Ga. App.* 547 (186 S. E. 563); *Haynes* v. *Elberton Motors*, 57 *Ga. App.* 247 (194 S. E. 884); *Brown* v. *Ragsdale Motor Co.*, 65 *Ga. App.* 727 (16 S. E. 2d 176); *East Tenn., Va. &c. Ry. Co.* v. *Hayes*, 83 *Ga.* 558 (10 S. E. 350); Code § 20-906; *Roberts* v. *Southern Ry. Co.*, 73 *Ga. App.* 759 (38 S. E. 2d 48).

It will be observed that in the *Roberts* case the court stated: "That, *generally* a restoration or offer to restore must be made promptly upon the discovery of the fraud." (Italics ours.) Restoration is not an absolute rule. The facts and circumstances of the instant case, to our way of thinking, is a clear example. There seems no reason why one who has defrauded another should receive money from one defrauded when the fraudulent party has received benefit from the transaction and has at the time of the trial many times the amount the fraudulent party contends should be restored to him. Accordingly, the defendant in the instant case has no just or equitable grounds upon which to stand. Counsel also cite *Jordy* v. *Dunlevie*, 139 *Ga.* 325 (77 S. E. 162); *Williams* v. *Fouche*, 157 *Ga.* 227 (121 S. E. 217). None of the cases cited by counsel for the defendant supports the contention of the defendant. The facts in the instant case are different from those in the cases cited. The cases are, it is true, somewhat analogous in that they deal with rescission and fraud and restoration.

The court did not err in denying the amended motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*