A91A1767. CREWS v. CISCO BROTHERS FORD-MERCURY, INC. et al.
A91A1768. HOWARD v. CISCO BROTHERS FORD-MERCURY, INC. et al.
A91A1802. FETTIG v. CISCO BROTHERS FORD-MERCURY, INC. et al.
(411 SE2d 518)

BIRDSONG, Presiding Judge.

Appellants are plaintiffs in suits for rescission of purchase contracts for fraud, fraudulent inducement to enter contract, breach of contract, and breach of warranty, all on account of appellants' respective purchases from Cisco Brothers of used vehicles. After purchasing the vehicles, plaintiffs discovered either that the vehicle had been previously wrecked, or that the odometer had been rolled back. In each case the trial court granted partial summary judgment to Cisco Brothers et al. on grounds that except for a statement in the complaint, plaintiff did not tender or even offer to tender back the purchased vehicle to Cisco Brothers pursuant to OCGA § 13-4-60 and therefore could not maintain an action for rescission; and that in each contract the "merger clause" which stated that any verbal promises by a salesman were waived and were not a part of the contract, prohibits each plaintiff from claiming fraudulent inducement to enter the contract, according to *Brown v. Ragsdale Motor Co.*, 65 Ga. App. 727 (16 SE2d 176) and other cases. The trial court ruled that plaintiff in each case is therefore prevented from seeking punitive damages for fraud. Crews, Fettig and Howard appeal. *Held*:

1. False and fraudulent representations as to an existing fact which induced the signing of a sales contract give the purchaser the right to rescind the contract. *City Dodge v. Gardner*, 130 Ga. App. 502 (203 SE2d 729); *Sumner v. Gen. Motors Acceptance Corp.*, 53 Ga. App. 630 (186 SE 747). One who seeks rescission of a contract for fraud must restore or offer to restore the consideration received thereunder, as a condition precedent to bringing the action (see *Condios, Inc. v. Driver*, 145 Ga. App. 537 (244 SE2d 85)); however, restoration by the purchaser is not an absolute rule, and does not require that the defrauding party be placed in exact status quo, but only that he be placed substantially in his original position and that the party rescinding derives no unconscionable advantage from the rescission. *Fletcher v. Fletcher*, 158 Ga. 899 (124 SE 722); *National Old Line Ins. Co. v. Lane*, 172 Ga. App. 519, 522 (323 SE2d 707); accord *Jones v. Gaskins*, 248 Ga. 510, 512 (284 SE2d 398); *Henderson Warehouse*

*Co. v. Brand*, 105 Ga. 217, 224 (31 SE 551); *Rountree v. Davis*, 90 Ga. App. 223 (82 SE2d 716); see Cobb & Eldridge, Ga. Law of Damages (2nd ed.), § 17-4. One seeking to rescind a contract for fraud must restore or tender back the benefits received under the contract, or show a sufficient reason for not doing so; he need not tender back what he is entitled to keep, and need not offer to restore where the defrauding party has made restoration impossible (*Mutual Savings &c. Ins. Co. v. Hines*, 96 Ga. App. 442 (100 SE2d 466)), or when to do so would be unreasonable. *Smith v. McWhorter*, 173 Ga. 255, 273 (160 SE 250); *Berry v. Williams*, 141 Ga. 642 (81 SE 881). Compare *International Software Solutions v. Atlanta Pressure &c. Co.*, 194 Ga. App. 441 (390 SE2d 659).

Appellant Crews and appellant Fettig contended and showed evidence that they did not offer to return the vehicles to Cisco Brothers because the purchase of their respective vehicles was financed through Ford Motor Credit and they were required to continue making monthly payments to the third party, Ford Motor Credit. Appellant Howard gave evidence that when he discovered his vehicle had been previously wrecked and could not be repaired acceptably, he contacted Ford Motor Credit, and was told that Cisco Brothers had stated that Howard's vehicle had been repaired and that the matter was settled; he was refused relief from his obligation to pay Ford Motor Credit.

It is clear that in the facts of all these cases, the defendant Cisco Brothers had been paid by Ford Motor Credit and appellants were obligated to pay this third-party creditor. In each case, a return of the vehicle or even an *offer* to return the vehicle to Cisco Brothers would not result in automatic absolution of the debt each appellant owed to this third-party creditor. Although defendants in affidavit say Cisco Brothers would have accepted the vehicles if appellants had offered to return them, it is not suggested that this would automatically relieve appellants of their separate obligation to pay the third-party creditor.

It may be that after much trouble and expense the plaintiffs might have convinced the third party to recover its money from Cisco Brothers and relieve them of their debt, but this is a patently unreasonable solution, for it gives Cisco Brothers an unconscionable advantage in having received money from a third party who, being itself not accused of any fraud or breach, is not obliged to relieve the purchasers of their obligations by the fact that the seller, for some reason, had accepted a return of the vehicles. On the face of things, if each appellant had returned the vehicles, the defrauding party would then have both the money paid by the third party and the vehicles; the purchasers would be put to trouble and expense, and as shown in the case of appellant Howard, great uncertainty of success, to try to get the third party to absolve their debts, meanwhile having neither the

vehicle nor the money. The rule requiring return or tender of the goods can be applied only where it is equitable; it was not meant to give the defrauding party an advantage at the expense of the defrauded purchaser. The rule is in fact that neither the defrauding party nor the purchaser may retain an unfair advantage; there is no room for *either* party to "have its cake and eat it, too." *Corbitt v. Harris*, 182 Ga. App. 81, 82 (354 SE2d 637).

Similar to this case in its facts is *Rountree v. Davis*, supra, where it was indicated that, restoration not being "an absolute rule" in the first place, there is no reason the defrauding party should get all the benefits of such a rule. Id. at 232. Appellants owed a debt to a third party on account of defendant's alleged fraud; it was not within the defrauding party's power to dissolve these obligations and place appellants in status quo merely by accepting a return of the vehicles. Moreover, as long as the purchasers were required to pay the third party they were entitled to keep the goods. *Mutual Savings &c. Ins. Co.*, supra. To deprive the purchasers of their remedy for fraud in these circumstances would give the defrauding party an unconscionable advantage. *Corbitt*, supra at 82-83; see *Bob Maddox Dodge v. McKie*, 155 Ga. App. 263, 264 (270 SE2d 690). The trial court erred in granting partial summary judgment to appellee in these cases on grounds that appellants could not rescind the contracts and sue for fraud, including punitive damages (see *Rustin Oldsmobile v. Kendricks*, 123 Ga. App. 679, 680 (182 SE2d 178)) because they did not return or tender the vehicles to appellee.

2. As to the trial court's holding that the "merger clause" in these purchase contracts prevented appellants from proving the necessary element of fraud, detrimental reliance, the Supreme Court has laid to rest the contention that a merger clause in a contract being attacked for fraud precludes proof that the contract was fraudulently induced. In *City Dodge v. Gardner*, 232 Ga. 766, 770 (208 SE2d 794), it was held that "the question of reliance on the alleged fraudulent misrepresentation in tort cases cannot be determined by the provisions of the contract sought to be rescinded but must be determined as a question of fact by the jury. It is inconsistent to apply a disclaimer provision of a contract in a tort action brought to determine whether the entire contract is invalid because of alleged prior fraud which induced the execution of the contract. If the contract is invalid because of the antecedent fraud, then the disclaimer provision therein is ineffectual since, in legal contemplation, there is no contract between the parties." See *Brown v. Techdata Corp.*, 238 Ga. 622, 627 (234 SE2d 787). The cases cited by the trial court for a contrary conclusion either were decided prior to the Supreme Court's decision in *City Dodge*, supra, or, unlike this case as we held in Division 1, involved facts by which the purchaser was held to have affirmed the contract,

so as to be bound by its terms and limited to recover for its breach, and estopped from asserting reliance on fraudulent inducement. See, e.g., *Joseph Charles Parrish, Inc. v. Hill*, 173 Ga. App. 97 (325 SE2d 595); *Nixon v. Sandy Springs Fitness Center*, 167 Ga. App. 272 (306 SE2d 362).

Accordingly, the grant of partial summary judgment to defendant/appellee in each of these cases is reversed.

*Judgments reversed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 30, 1991 —
RECONSIDERATION DENIED OCTOBER 23, 1991 —

*Stein & Cauthen, James E. Stein, Robert H. Cauthen*, for appellants.

*Stephen L. Berry*, for appellees.

