## A95A0268. ALPHARETTA, OLD MILTON COUNTY, GEORGIA HISTORICAL & GENEALOGICAL SOCIETY, INC. v. DOWDA.

(459 SE2d 443)

ANDREWS, Judge.

Alpharetta, Old Milton County, Georgia Historical & Genealogical Society, Inc. (the Society), appeals from the denial of its motion for new trial. The sole enumeration of error is that the court erred in not giving a jury charge on the defense of fraud to Dowda's contract claim.

Dowda, d/b/a Dowda Enterprises, was a house mover. In 1989, he was contacted to move an old farmhouse (the Mansell house) by McLeash. McLeash, however, was unable to put together financing for his project, and this deal fell through. Dowda had already set the rigging on the Mansell house[1] in anticipation of moving it before McLeash's financing fell through. Thereafter, Dr. West contacted Dowda about the Mansell house and indicated the Society wanted it, but it needed to be moved to avoid impending demolition by Herman Miller, Inc., the developer of the land it was on.

Dowda prepared a presentation and went to a Society meeting where he explained his plan to move the house. On March 26, 1990, Blanton, Dowda's attorney, faxed to Wall, the Society's attorney, Dowda's form house moving contract. On April 2, 1990, Wall mailed Blanton a proposed revised contract, bearing the signatures of the Society's directors. Included with the proposed contract was the Society's check for $9,500 to be released to Dowda upon his moving the house from the Miller property next door to another lot where it was to be temporarily stored until moved to Alpharetta. Because Wall's version did not reflect Dowda and Blanton's understanding of the terms, Blanton prepared another proposed contract and sent it to Wall on April 16, 1990, also stating that since the house had been moved next door by Dowda on April 9, he had released the $9,500 to Dowda.

Although a number of terms in the different proposals differ, all

---

[1] This process entailed disconnecting the house from its foundation, bracing the inner walls, and other preliminary steps to actually lifting the house off the foundation.

of the versions tendered at trial reflected a total price for the move to Alpharetta of $28,500. Dowda was unequivocal in his testimony that he and the Society were in agreement about what the total price for the move would be, including the temporary move, and where the house was to be finally placed. The only matter as to which there was dispute was "the way they were going to pay me and they said they didn't have the money." He was to be paid the initial $9,500, as was the industry custom, for putting his equipment on the job and loading the house. Then, after the temporary move, he was to get another $9,500 with the remaining $9,500 payable when the house was placed in its permanent location.[2]

During the negotiations concerning the terms of the written contract, Blanton and Wall discussed Blanton's proposal to remove the page containing the directors' signatures from one proposed contract and add it to another. This was agreed to and accomplished as reflected in a letter from Blanton to Wall. Later, Dowda does not dispute that he signed his signature page and likewise attached it to the revision. As he testified, "I added my signature sheet after the other signature sheet was added, in good faith." According to the Society, this substitution was the basis for its defense of fraud, asserted in an amendment to its answer.

The negotiations between the attorneys and parties continued for two years while the house sat on its temporary support. Eventually, the Society paid another house mover to make the final move to Alpharetta, after obtaining a state grant for the preservation.

Dowda sued, alleging breach of the written contract, breach of an oral contract, and quantum meruit. The jury awarded $9,500 on the breach of oral contract claim. The trial court granted the Society's motion for directed verdict as to the existence of a valid written contract but allowed the issues of an oral contract and quantum meruit to go to the jury.

1. Although no motion was made by Dowda concerning the purported fraud defense, the court sua sponte stated that the only basis upon which fraud would be available as a defense would be if rescission were at issue,[3] which it was not. Further, the court concluded no evidence of fraud had been admitted and directed that "fraud would not be involved in this case."

Such a direction of verdict is appropriate when the standard for such a verdict is met, as it was here regarding fraud. *Cannon v. Heard*, 204 Ga. 891 (52 SE2d 459) (1949); *Wade v. Polytech Indus.*,

---

[2] The total judgment included $6,000 in attorney fees, making OCGA § 5-6-35 (a) (6) inapplicable.

[3] OCGA § 13-5-5; *Potomac Leasing Co. v. Thrasher*, 181 Ga. App. 883, 886 (2) (354 SE2d 210) (1987).

202 Ga. App. 18, 25 (5) (413 SE2d 468) (1991); *Star Mfg. v. Edenfield,* 191 Ga. App. 665, 667 (3) (382 SE2d 706) (1989). We concur with the trial court that there was no evidence of fraud on Dowda's part regarding the substitution of the signature page.

2. Although there is discussion in the record of the Society's request to charge regarding unclean hands, the request is not contained in the record and we are unable to determine whether it was an accurate statement of the law or adjusted to the evidence. In any event, since the court concluded no such evidence was present, there was no basis upon which to give any such requested charge and no error in refusing to do so. *Valdez v. Power Indus. &c.,* 215 Ga. App. 444, 447 (3) (451 SE2d 87) (1994).

3. There being no adequate legal basis upon which the Society could have anticipated that the judgment would be reversed, we must conclude that the appeal was for the purpose of delay only. We hereby direct the trial court to enter judgment in favor of Dowda for damages in the amount of ten percent of the judgment awarded, to be entered in the remittitur pursuant to OCGA § 5-6-6. *Malin Trucking v. Progressive Cas. Ins. Co.,* 212 Ga. App. 273, 274 (3) (441 SE2d 684) (1994).

*Judgment affirmed with direction. Birdsong, P. J., Johnson and Blackburn, JJ., concur. Beasley, C. J., Pope, P. J., Smith and Ruffin, JJ., concur specially. McMurray, P. J., dissents.*

BEASLEY, Chief Judge, concurring specially.

I concur in the judgment and in the assessment of a penalty as provided by OCGA § 5-6-6, but we need not rule on the direction of a verdict on the fraud defense, as is done in Division 1, because appellant did not enumerate it as error. See *Hess Oil & Chem. Corp. v. Nash,* 226 Ga. 706, 709 (177 SE2d 70); *Bryant v. BMC of Ga.,* 188 Ga. App. 124, 125 (2) (372 SE2d 280) (1988); see also the writer's dissents in *ITT Fin. Svcs. v. Gibson,* 188 Ga. App. 188, 190 (372 SE2d 468) (1988); *Taylor v. State,* 186 Ga. App. 113, 115 (366 SE2d 422) (1988). The only enumeration of error is that the trial court erred in failing to charge the jury on the "defenses" of "fraud and unclean hands." Not having challenged the direction of a verdict on fraud, which appellant acknowledges the court did at the conclusion of the evidence and before the proposed charges were discussed, that issue is not presented for our resolution.

What is more, it indicates the frivolous nature of the appeal, for it would be useless to reverse the judgment for the refusal to give the jury instruction when the directed verdict stands unassailed and unchanged.

Moreover, appellant did not properly preserve the objection to the refusal to give the requested charge, as it is not in the record as

such. OCGA § 5-5-24 (b). Appellant does cite that portion of the trial transcript where it noted its objection to the court "not charging our request on five." We can, it is true, glean its content. Immediately prior to this objection, when counsel asked the court if "number five" would be given, counsel described it as "That's the clean hands. That relates to attaching the document to the court pleadings." The court read aloud what apparently was requested: "Now, clean hands is a defense against a claim in equity."

Even if this were regarded a sufficient record basis upon which this Court should rule on the merits of the charge, it certainly does not constitute a charge on fraud. And yet, in this Court, appellant claims the court erred in failing to charge on fraud as well as unclean hands. Such imprecision contributes to the conclusion that the appeal "was taken up for delay only."

I am authorized to state that Presiding Judge Pope, Judge Smith and Judge Ruffin join in this special concurrence.

McMURRAY, Presiding Judge, dissenting.

I, most respectfully, do not agree with the majority that this case should be affirmed. Moreover, I disagree with the majority's imposition of a penalty against the appellant since the majority concludes appellant made the costly journey to this court "for the purpose of delay only."

In my view, the judgment in this case should be reversed, and this case returned to the trial court for a new trial as the appellant is entitled to have its defenses considered and passed upon by the jury.

Under the particular facts and circumstances of the case sub judice, the trial court erred in directing that " 'fraud would not be involved in this case.' "

"Fraud may not be presumed but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." OCGA § 23-2-57. "[I]t is peculiarly the province of the jury to pass on these circumstances." *Johnson v. Renfroe & McCrary*, 73 Ga. 138. See *Wells v. Blitch*, 182 Ga. 826 (187 SE 86).

Furthermore, it has not been established that this appeal is wholly frivolous.

This case must be returned to the trial court for a new trial.

DECIDED JULY 11, 1995.

*Wall & Noonan, W. Alford Wall, Thomas J. Hills*, for appellant. *Clifford H. Hardwick*, for appellee.