A96A1196. BEEKS v. CONSULTECH, INC.
(474 SE2d 675)

BEASLEY, Chief Judge.

Beeks, the defendant in a suit on account, appeals from the judgment which was entered after a bench trial in which the court found that the principal amount claimed plus interest was due.

In two enumerations, Beeks contends on appeal that the money for the work of performing Phase II of a site assessment of his gas station is not due for two reasons. The first is that the contract included a condition precedent, which is payment for cost of the project, to Beeks, by the Georgia Underground Storage Tank Trust Fund (GUST). He asserts that this was part of the oral contract, necessitated because, as known by Consultech, he did not have funds to hire Consultech and thus made the agreement with Consultech on this condition. The second is that the contract was not completed, as the Environmental Protection Department has not issued a final ruling on the issue of ground contamination so that Beeks cannot sell the station.

Both enumerations involve issues of fact, which the trial court resolved in plaintiff's favor. The court did not make written findings of fact or conclusions of law, as is required when requested by any party. OCGA § 9-11-52 (a). There is no record of any request by a party either before trial nor within the time provided after entry of judgment. OCGA § 9-11-52 (c). We can only address what there is record to support. As stated in the statute, "When findings or conclusions are not made prior to judgment to the extent necessary for review, failure of the losing party to move therefor after judgment shall constitute a waiver of any ground of appeal which requires consideration thereof." The enumerations require just such a consideration, as they relate to the sufficiency of the evidence to support findings of fact. Thus we are deprived of the assistance which such findings and conclusions provide to the appellate court, which is one of the purposes of the requirement. *Brown v. Brown*, 237 Ga. 201, 202 (227 SE2d 360) (1976). See also *Coleman v. Coleman*, 238 Ga. 183 (232 SE2d 57) (1977); *Aycock v. Morris Indus.*, 171 Ga. App. 50, 51 (318 SE2d 780) (1984).

Oral findings are not sufficient. *Aycock*, supra. Unlike *Aycock*, we do not remand the case for written findings of fact and conclusions of law because OCGA § 9-11-52 (c) has since been amended. Their absence is ground for affirmance when they are necessary for resolution of the issue on appeal. See, e.g., *Cage v. Chase Home Mtg. Corp.*, 212 Ga. App. 861 (1) (443 SE2d 504) (1994).

Even if we consider the oral findings, given to the parties by the court in explanation of its decision at the end of the trial, the judgment must be affirmed. The court found that there was a contract and that, although the parties expected GUST to pay the cost, the primary responsibility was Beeks', with whom the contract was made. The court also found that the failure to obtain reimbursement was not Consultech's but Beeks', and that Beeks had received Consultech's written demand for payment. Finally, the court found that the work contracted to be performed was completed. There is evidence to support the court's findings. Thus, considering the oral findings, the judgment must be affirmed. *Ga. Power Co. v. Harrison*, 253 Ga. 212, 216 (4) (318 SE2d 306) (1984).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 12, 1996.

*Cynthia W. Harrison*, for appellant.
*Karl J. Howe & Associates, Thomas C. James, Jr.*, for appellee.