A97A0637. SAFADI et al. v. THOMPSON.
(487 SE2d 457)

SMITH, Judge.

Appellants Robert and Mona Safadi sold a car to appellee Heather Thompson. When Thompson took the car in for repairs, her mechanic discovered that it had been "extensively wrecked" and could not be repaired. Thompson brought suit alleging breach of express warranty and fraud; she later amended her complaint to add counts of breach of warranty of title and subornation of perjury. She sought to rescind the sale, return the car, and recover the purchase price and consequential expenses such as insurance and interest on the loan as well as punitive damages and attorney fees. After a bench trial, the trial court rescinded the sale and awarded Thompson the purchase price, consequential damages, attorney fees, and punitive damages.

1. This appeal raises several procedural issues. The Safadis have not stated the method of preservation of their enumerations of error as required by Rule 27 (a) (1). Moreover, they did not request findings of fact and conclusions of law, either before trial pursuant to OCGA § 9-11-52 (a) or after entry of judgment pursuant to OCGA § 9-

11-52 (c). "When findings or conclusions are not made prior to judgment to the extent necessary for review, failure of the losing party to move therefor after judgment shall constitute a waiver of any ground of appeal which requires consideration thereof." Id.

"[W]e do not remand the case for written findings of fact and conclusions of law because OCGA § 9-11-52 (c) has since been amended. Their absence is ground for affirmance when they are necessary for resolution of the issue on appeal. [Cit.]" *Beeks v. Consultech, Inc.*, 222 Ga. App. 473, 474 (1) (474 SE2d 675) (1996). All of the Safadis' enumerations of error go directly to the sufficiency of the evidence to support the trial court's decision. Their failure to request findings of fact and conclusions of law therefore constitutes a waiver of their grounds of appeal. Id.

2. As we did in *Beeks*, however, although oral findings are insufficient, we briefly review the evidence and the trial court's oral statement to demonstrate that appellants' claims are without merit. Id. The Safadis made oral representations to Thompson and her mother that the car had been in their family since it was new. Each made oral representations and gave a written warranty and hold harmless agreement to Thompson and her mother, stating that the car had never been wrecked.[1]

The previous owner of the vehicle appeared at trial and testified that he purchased the car from a salvage lot as a wrecked vehicle that had been declared a total loss. He paid for some repairs on the car and sold it to Safadi for $7,000, which he considered a low price because it was a salvaged vehicle. The previous owner told Safadi that the salvaged condition of the car would have to be revealed to any subsequent purchaser. He produced the original bill of sale, signed by Safadi, which includes a notation of the car's rebuilt condition. Moreover, he testified that Safadi contacted him after suit was filed and told him that he was going to testify that he did not know the car had been totalled and salvaged.

Although Safadi told the previous owner he was buying the car for his family, he sold the car to Thompson a few days later for $9,700. Thompson testified to the amount of her cash downpayment and loan, the remaining balance on the loan, and the monthly payments. She also testified to the cost of attempted repairs to the car, the cost of a rental vehicle, and the cost of her insurance policy.

Appellants' claims have no merit under the clear authority of *City Dodge v. Gardner*, 232 Ga. 766 (208 SE2d 794) (1974), and *Crews v. Cisco Bros. Ford-Mercury*, 201 Ga. App. 589 (411 SE2d 518) (1991).

---

[1] The warranty and hold harmless agreement signed by Safadi was misplaced before trial, but Thompson and her mother testified that he signed it and presented it to them. Appellants did not object to this testimony.

In *City Dodge*, the Supreme Court of Georgia held that an "as is" contract does not negate an express warranty, even in the presence of a merger clause.[2] *City Dodge*, supra at 767. Moreover, the court allowed parol evidence on the issue of fraud and deceit and permitted an action in tort for fraud. Id. at 769-770. In *Crews*, this Court held that a purchaser obligated on a car loan to a third party creditor, as Thompson was, need not necessarily tender back the vehicle in order to rescind the contract and sue for fraud. *Crews*, supra at 591 (1). The trial court having found in favor of Thompson and the Safadis having failed to provide a basis for review of their enumerations of error, we must affirm.

3. Thompson, in several motions, requested affirmance without opinion, an expedited appeal, and the imposition of ten percent damages for frivolous appeal pursuant to OCGA § 5-6-6. Appellants have not responded to any of these motions. Appellee's motion for an expedited appeal is denied; appellee's motion for affirmance without opinion is denied.

With respect to Thompson's motion for frivolous appeal, we are authorized by OCGA § 5-6-6 to impose damages for a frivolous appeal upon the affirmance of any judgment for a sum certain, when in the opinion of the court the appeal was taken for purposes of delay only. Considering the Safadis' failure to obtain findings of fact and conclusions of law, the existence of clear controlling authority, and the nature of the evidence presented below, we must conclude that there was no adequate legal basis upon which the Safadis could have anticipated that the judgment would be reversed and that the appeal was for the purpose of delay only. We accordingly direct the trial court to enter judgment in favor of Thompson for damages in the amount of ten percent of the judgment awarded, to be entered in the remittitur pursuant to OCGA § 5-6-6. *Alpharetta &c. Society v. Dowda*, 217 Ga. App. 792, 794 (3) (459 SE2d 443) (1995).

*Judgment affirmed with direction. Beasley, J., concurs. McMurray, P. J., concurs specially.*

McMURRAY, Presiding Judge, concurring specially.

My review of the transcript of this bench trial convinces me that defendant-appellants' three enumerations of error ultimately are without merit. Accordingly, I concur in Division 2 and in the judgment of affirmance. However, in my view, an unsuccessful appeal is not automatically an improper one, and so I do not participate in any imposition of additional damages as a statutory penalty for frivolous appeal.

---

[2] The bill of sale at issue here, however, contained no merger clause, so the holdings of both *City Dodge* and *Crews* with regard to the effect of a merger clause are inapplicable here.

"The constitution and laws of this State are liberal in guaranteeing to every suitor the right of appealing to the highest courts, in vindication of all his legal rights. . . . [Certainly], the law does not intend that its liberality shall be abused, and has, therefore, explicitly provided [in OCGA § 5-6-6], that if it appears that a case has been brought to this court for delay only, damages in the sum of ten per cent. on the amount of the judgment in the court below may be awarded. Fearful that any stringent enforcement by [this Court] of this section of the code might have the effect of deterring honest suitors from contesting to the end unjust demands plausibly asserted against them, we [ought to remain] always hesitant to penalize a[n] [appellant] by the award of damages; still we must remember that a frivolous appeal is a grave injustice, not only to the opposite party to the case but to the State itself; for every case brought to this court entails an expense upon the State [far] greater than the sum it receives [($80) as] the maximum costs collectible. So, therefore, when a motion for [additional] damages is filed, we will carefully examine the record and will pass upon the motion in the light of the entire history of the case as there presented. If after reviewing the whole matter we believe that the [appellant] is presenting a bona fide contest over a colorable matter, though his view of the law may not in fact be well founded, or that he is seeking a ruling upon an open or doubtful question, damages will be refused. But when the record discloses that [appellant] has no just case, that no new question of law is involved, and the record is full of those things which every judge and every lawyer recognizes as indicia of an attempt to fight merely for time, justice demands that we overcome any personal hesitancy we may have, and that we add an award of damages to the judgment of affirmance." *Moore & Jester v. Smith Machine Co.*, 4 Ga. App. 151, 153 (5) (60 SE 1035). In the case sub judice, I cannot conclude the *legal* issues raised in this appeal are interposed solely for purposes of delay.

DECIDED JUNE 4, 1997.

Before Judge Fuller.
*Fred V. Westberry*, for appellants.
*Glenville Haldi*, for appellee.