A09A0446, A09A0447. SWAINSBORO CABINET COMPANY, INC.
v. ED JOHNS CONSTRUCTION COMPANY; and vice versa.
(682 SE2d 599)

SMITH, Presiding Judge.

In this dispute over the fabrication and installation of custom cabinets, after a bench trial, the court entered a judgment in favor of the plaintiff Swainsboro Cabinet Company, Inc. (Swainsboro) in the amount of $10,655.13 in special damages and $4,529.77 in interest. The court also entered a judgment in favor of the defendant/counterclaimant Ed Johns Construction Company (Ed Johns) in the amount of $15,827.02 in special damages. In Case No. A09A0446, Swainsboro appeals, challenging the sufficiency of the evidence and contending that the trial court erred in failing to disclose its findings of fact and conclusions of law. In Case No. A09A0447, Ed Johns appeals, challenging only the prejudgment interest awarded to Swainsboro. Because Swainsboro failed to request findings of fact and conclusions of law, we affirm in Case No. A09A0446. But we reverse in part in Case No. A09A0447, because Swainsboro was not entitled to prejudgment interest.

The record reveals that Swainsboro filed a claim against Ed Johns seeking $14,646.98 for the unpaid balance under a contract for the fabrication and installation of custom home cabinets in two homes being constructed by Ed Johns. Ed Johns filed a counterclaim asserting that the cabinets were the wrong color and size and were also improperly built. He sought $45,065.58 for correcting the work.

A bench trial of the case was held on December 15, 2003 and January 26, 2004. During trial, the court noted that Swainsboro had

---

[9] See id. at 683-685 (2).

requested that the court include findings of fact and conclusions of law in its final order. At the end of the proceedings, the trial judge declared a mistrial and recused himself from the case. In January 2005, the case was transferred to a second trial judge.[1] On April 17, 2008, Swainsboro filed a "Consent to Immediate Judicial Ruling Based Upon the Existing Trial Transcript," and the second trial judge entered an order stating that the parties agreed to have yet a third trial judge render a verdict upon the 2003 and 2004 trial transcripts "without findings of fact and conclusions of law." The order stated further that any judgment "shall be broken down by special damages, interest and attorney's fees."

The third trial judge reviewed the trial transcripts and entered a judgment in favor of Swainsboro in the amount of $10,655.13 in special damages and $4,529.77 in interest, and in favor of Ed Johns on its counterclaim in the amount of $15,827.02 in special damages. The court declined to award attorney fees to either party. It is from this judgment that the parties appeal.

*Case No. A09A0446*

1. Swainsboro contends that the trial court erred in failing to disclose its findings of fact and conclusions of law. OCGA § 9-11-52 (a) provides that: "In ruling on interlocutory injunctions and in all nonjury trials in courts of record, the court shall *upon request of any party made prior to such ruling*, find the facts specially and shall state separately its conclusions of law." (Emphasis supplied.)

The record reveals Swainsboro requested findings of fact and conclusions of law during the first trial. The order transferring the case for a verdict, however, states that the parties agreed that a verdict would be rendered "without findings of fact and conclusions of law," and Swainsboro requested only that the court break down the judgment "by special damages, interest and attorney's fees." Swainsboro also failed to make a request *after* entry of judgment pursuant to OCGA § 9-11-52 (c) ("Upon motion made not later than 20 days after entry of judgment, the court may make or amend its findings or make additional findings and may amend the judgment accordingly."). See also *Hathaway Dev. Co. v. Advantage Fire Sprinkler Co.*, 290 Ga. App. 374, 377 (2) (659 SE2d 778) (2008); *Safadi v. Thompson*, 226 Ga. App. 685, 685-686 (1) (487 SE2d 457) (1997) (physical precedent only). Under these circumstances, the trial court

---

[1] Swainsboro's counsel withdrew from representation shortly after the mistrial, and new counsel filed an entry of appearance. On February 1, 2006, the trial court granted Swainsboro's second counsel's motion to withdraw from representation, and on March 14, 2007, a third, new counsel filed an entry of appearance.

did not err in failing to make findings of fact and conclusions of law. See *Hathaway Dev. Co.*, supra; *Safadi*, supra.

2. In two enumerations, Swainsboro argues that the evidence was insufficient to sustain the trial court's judgment. "When findings or conclusions are not made prior to judgment to the extent necessary for review, failure of the losing party to move therefor after judgment shall constitute a waiver of any ground of appeal which requires consideration thereof." OCGA § 9-11-52 (c). Because Swainsboro's enumerations challenge the sufficiency of the evidence to support the trial court's decision, its waiver of the right to findings of fact and conclusions of law before judgment and its failure to request them within 20 days after the judgment, constitutes a waiver of its grounds of appeal. See *Safadi*, supra, 226 Ga. App. at 686 (1); *In re Estate of Garmon*, 254 Ga. App. 84, 88 (4) (561 SE2d 216) (2002); *Beeks v. Consultech*, 222 Ga. App. 473, 474 (474 SE2d 675) (1996).

### Case No. A09A0447

In its sole enumeration, Ed Johns contends that the trial court erred in awarding Swainsboro prejudgment interest because its award of special damages exceeded the award in favor of Swainsboro.

> Damages by way of interest are, as a general rule, allowable in actions on building and construction contracts. The amount on which interest is to be computed in assessing damages for failure to make specified payments under a building contract is the balance remaining after deducting the sum to which the owner is entitled on account of defects in the work.

(Citation and punctuation omitted.) *Anderson Constr. Co. &c. v. Colquitt County School Dist.*, 170 Ga. App. 270, 273 (3) (316 SE2d 851) (1984). Here, the award to Ed Johns exceeded the award to Swainsboro; therefore, under the analysis of *Anderson Constr.*, supra, Swainsboro cannot recover prejudgment interest.[2]

*Judgment affirmed in Case No. A09A0446. Judgment affirmed in part and reversed in part in Case No. A09A0447. Phipps and Bernes, JJ., concur.*

---

[2] Swainsboro argues that Ed Johns waived this claim by not objecting at trial. But this is Ed Johns's first opportunity to raise the issue following the trial court's award of prejudgment interest. Compare *Anderson Constr.*, supra, 170 Ga. App. at 273-274 (3) (error in award of prejudgment interest waived where counsel did not object to the defendant's motion for directed verdict that included interest).

DECIDED JUNE 30, 2009 —
RECONSIDERATION DISMISSED JULY 30, 2009.

*Weinstock & Scavo, Charles J. Bowen, Jr.*, for appellant.
*Callaway, Braun, Riddle & Hughes, Dana F. Braun*, for appellee.