64630. DAVIS et al. v. NORTHSIDE REALTY ASSOCIATES, INC. et al.

McMurray, Presiding Judge.

This is an action in fraud arising from the sale and purchase of certain real estate located at 3610 Piedmont Road in Atlanta. The contract for the purchase and sale of the property provided that such was contingent upon obtaining from the City of Atlanta a change in zoning so as to permit off-street parking in the front of the premises. At the closing of the purchase of the property the seller's agent, defendant Northside Realty Associates, Inc., through its alleged agents, defendants Grogan and Mann, allegedly represented to the plaintiff Davis that it had procured a change in the applicable zoning ordinances so as to permit front yard parking. Plaintiff Davis and plaintiff Max Davis & Associates, Inc. thereafter purchased the property (Davis signed the purchase agreement in his capacity as president of Max Davis & Associates, Inc., while the deed named Davis, individually as grantee) only to subsequently learn that the ordinances amending the site plan enacted shortly before the closing provided for permission to construct parking in the rear rather than in front of the building.

Plaintiffs subsequently attempted, without success, to obtain a zoning change to permit front yard parking. Plaintiffs then initiated this action seeking damages from defendants Northside Realty Associates, Inc. and its alleged agents, defendants Grogan and Mann, for fraud and deceit in conjunction with the sale of the subject property and seeking to enjoin the City of Atlanta from enforcement of the zoning regulations prohibiting front yard parking. The action was voluntarily dismissed as to defendant City of Atlanta.

After discovery the remaining defendants submitted their motion for summary judgment to the trial court which motion for summary judgment was granted in favor of the defendants and against plaintiffs. Plaintiffs appeal, contending genuine issues of material fact remain as to their cause of action for fraud and deceit. *Held:*

1. "Zoning is a legislative function of the county. *Barton v. Atkinson,* 228 Ga. 733 (3) (187 SE2d 835). Thus, whether land has been zoned, and if so, the uses which may be made of the land under the applicable law or ordinance is a matter of law." *Gignilliat v. Borg,* 131 Ga. App. 182, 183 (1) (205 SE2d 479).

"A misrepresentation as to the status of the law, or as to a matter of law, or as to its effect upon the subject matter of a contract is a statement of opinion only and can not afford a basis for a charge of fraud or deceit." *Gignilliat v. Borg,* 131 Ga. App. 182, 183 (3), supra.

*Charter Medical Mgt. Co. v. Ware Manor,* 159 Ga. App. 378, 383 (5) (283 SE2d 330). To the extent that plaintiff's allegations are predicated upon misrepresentations as to the zoning status of the premises in question (a matter of law), these allegations can afford no basis for a cause of action for fraud and deceit.

2. Plaintiffs also contend that "[t]he fraud was in misrepresenting what had been done to secure rezoning and not only as to what the rezoning was." This argument relies upon evidence that subsequent to the making of the purchase and sale contract the individual plaintiff Davis was shown a site plan for the premises, showing off-street parking in front of the premises, which was represented to be the site plan which would be submitted in connection with the sellers efforts to obtain rezoning of the premises. The alleged factual misrepresentation occurred when the original site plan was not accepted by the city and a different site plan showing rear parking was submitted. Plaintiffs contend that due to the particular circumstances (see Code § 37-704 (now OCGA § 23-2-53, effective November 1, 1982)) defendants were under a duty to inform plaintiffs of this change of site plans. At the closing defendants showed a letter from the city giving notice of the passage of an ordinance amending the site plan of the premises. The letter did not state the substance of the ordinance and defendants represented that the ordinance satisfied the special stipulations of the purchase and sale contract requiring rezoning to permit in front off-street parking.

Pretermitting the question of whether defendants were under a duty to inform plaintiffs of the change of site plans submitted to the city, even if the failure to make such a disclosure is viewed as a misrepresentation, in order to sustain plaintiffs' cause of action for fraud the record must show that plaintiffs have acted upon the misrepresentation of defendants. *Clements v. Warner Robins Supply Co.,* 235 Ga. 612, 613 (2) (221 SE2d 35). Here, the evidence clearly shows that plaintiffs did not act in reliance upon any factual misrepresentation as to what had been done to acquire rezoning of the premises, but instead acted in reliance upon the letter from the city giving notice that the rezoning ordinance had been passed. Plaintiff Davis testified in his deposition that he relied on the letter in making his decision to close the transaction and would not have done so in the absence of the letter. Although the plaintiffs' error as to the significance of the letter may have been precipitated by a factual misrepresentation arising from failure to disclose the change of site plan submitted to the city, the action taken by plaintiffs was in reliance upon an incorrect impression as to a matter of law, the nature of the zoning of the premises. Any factual misrepresentations were not used as a basis for action and therefore cannot be the basis of an

action in fraud. See *North Peachtree I-285 Properties v. Hicks,* 136 Ga. App. 426, 430 (3) (221 SE2d 607).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JANUARY 13, 1983.

*H. Fred Gober, Edward S. Sams,* for appellants.

*Harold L. Russell, Douglas N. Campbell, William W. Maycock,* for appellees.