## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Unity Farm Construction, Inc., et al.

v.

Slabtown Limited Partnership et al.

June 26, 1991

Case No. C-90-918

By JUDGE WILLIAM H. LEDBETTER, JR.

This litigation arises from a "letter of intent" and actions allegedly taken by the complainants in reliance on the terms of that writing.

The case is before the court on demurrers filed by four of the five defendants. In considering a demurrer, the court must accept as true all facts alleged in the bill of complaint and all reasonable inferences that can be drawn from those allegations. *West Alexandria Properties, Inc. v. First Virginia*, 221 Va. 134 (1980). Therefore, at this stage of the proceedings, the facts are not in dispute. According to the bill, the facts are as follows.

Slabtown, a Virginia limited partnership, is the owner of a warehouse in Spotsylvania County. Slabtown and Unity Farm, a Virginia corporation, negotiated for the lease of the warehouse and came to an understanding which was committed to writing in a "letter of intent."

During the negotiations, Slabtown was represented by Battlefield, John Kaila, Christian P. Kaila, and David Miller. Battlefield is an incorporated real estate firm; John Kaila is an attorney-at-law; Christian P. Kaila is

a general partner of Slabtown and a real estate salesman for Battlefield; Miller is the other general partner of Slabtown. During the negotiations, these agents of Slabtown "represented to complainants that the property was perfect for complainants' intended use as an equipment storage yard and repair facility for complainants' heavy equipment." Elaborating on this "perfection," the complainants claim that these persons "advised" them "both orally and in writing" that an existing grandfather clause in the County zoning ordinance "would permit such use of the property" and that the complainants needed only to "apply to the County" to be "included within" the grandfather clause. The defendants failed to inform the complainants that "there was any question whatsoever" about the applicability of the grandfather clause to the complainants' proposed use of the property.

Contrary to these representations, the grandfather clause does not apply to the complainants' intended use of the property. In fact, the question had been litigated in *Spotsylvania County Board of Zoning Appeals v. McCalley*, 225 Va. 196 (1983). As a result, the County zoning ordinance prohibited the complainants' intended use of the property. In April of 1989, the County notified Unity Farm to cease its nonpermitted activities. Unity Farm vacated the property.

Meanwhile, between the signing of the letter of intent and its removal from the premises in April, 1989, Unity Farm took possession and made substantial improvements to the property. When it had to vacate, it expended considerable sums in locating "substitute storage sites." No lease, contemplated by the terms of the letter of intent, was ever signed.

### Pleadings

The bill sets forth the factual allegations summarized above and seeks relief on three grounds: fraud, quantum meruit, and "breach of real estate agent's duty."

John Kaila filed an answer. The other defendants filed a demurrer to each of the three counts and to the claim for punitive damages, stating the grounds as required by Virginia Code § 8.01-273. The complainants filed a memorandum in opposition to the demurrer.

Arguments on the demurrer were heard on June 3, 1991, and the court took the matter under advisement.

*Decision - Count I*

The defendants contend in their demurrer that the fraud claim fails to state a cause of action because it "is barred as a matter of law based upon the doctrine of caveat emptor." This ground essentially is in two parts. First, the defendants say that the bill, which contains the letter of intent, establishes that Unity Farm, not the defendants, assumed responsibility "for obtaining authority under the grandfather clause" to use the premises as an equipment warehouse. Second, the defendants say that the plaintiffs are relying on a misrepresentation of law which cannot support an action for fraud.

Assuming, as the parties apparently do, that the letter of intent imparts cognizable rights and responsibilities to the parties, that letter contains the following specific provision about zoning:

> Lessee is responsible for obtaining authority under "grandfather clause" to present zoning for his use as an equipment yard-construction warehouse.

It is difficult to understand how this language, which is considered an allegation in the bill (Rule 1:4(i)) and deemed to be true for purposes of demurrer, can be construed as anything other than an express and specific assumption of responsibility by Unity Farm to determine prior to signing a lease that its intended use complied with County zoning law. According to the pleading, Unity Farm never made such determination. Instead, it took possession of the property and made "substantial improvements" to the property without making any inquiry about the existing zoning classification, permitted uses, or, specifically, the applicability of the grandfather clause to the intended use.

Despite this provision in the letter of intent, Unity Farm contends that the defendants "both orally and in writing" represented that "an existing grandfather clause would permit such use of the property and that

[Unity Farm] need only apply to the County to be included within the said grandfather clause."

The issue, then, is whether one who expressly assumes the contractual responsibility to obtain the appropriate authority for his intended use of property can be defrauded by the lessee-seller of such property when the lessee-seller represents that the zoning law permits the intended use.

It is the opinion of the court that absent some invited confidence or fiduciary relation between the parties, the defendants' alleged misrepresentation about the status of the zoning law -- specifically, the applicability of a grandfather clause to the intended use of the property -- does not, as a matter of law, constitute fraud under the facts pleaded by Unity Farm.

It is well settled that a representation of what the law will permit to be done is one on which the party to whom it is made has no right to rely, and he cannot ask the law to relieve him from the consequences of his folly. The truth or falsity of such matter can be determined by ordinary vigilance and attention. It is an opinion in regard to the law and is always understood as such. A misrepresentation or misunderstanding of the law does not amount to actionable fraud. *Hicks v. Wynn*, 137 Va. 186 (1923); compared with *Humphreys v. Baird*, 197 Va. 667 (1956); *see also*, 8B M.J., *Fraud and Deceit* § 9. There are, of course, exceptions to this rule. Where the misrepresentation is more of fact than law, relief may be granted. *Brown v. Rice*, 67 Va. 467 (1875). However, those courts that have decided the issue hold that representations concerning zoning status are matters of law, not factual misrepresentations, and cannot provide a basis for an action of fraud. *Davis v. Northside Realty Assoc., Inc.,* 299 S.E.2d 186 (Ga. App. 1983); *City of Aurora v. Green,* 467 N.E.2d 610 (Ill. App. 1984). Where a special confidential or fiduciary relation exists, or where one of the parties has superior knowledge and the other has no practical access to source of such knowledge, the rule does not apply. *Humphreys, supra*; Lile, *Notes on Equity Jurisprudence* (1921), p. 135. There is no allegation that any special relationship or unequal footing exists here.

An essential element of fraud is reliance. In order to constitute fraud, the false statement must be believed and relied on by the party to whom it is made. Furthermore,

if the party claiming fraud was given or secured information that would arouse the suspicions of an ordinary and reasonably prudent person, he is under a duty to investigate and cannot rely on the representations of the other party. *See* 8B M.J., *Fraud and Deceit*, § 24. This is not the same thing as negligence in failing to learn the truth, which is no defense to fraud. *See, e.g., Boykin v. Hermitage Realty*, 234 Va. 26 (1987). The principle expressed in *Boykin* applies where the defrauded party otherwise had the right to rely on the false representation. Here, Unity Farm, having been advised that its intended use was not permitted under the existing zoning classification except for a grandfather clause, expressly agreed to assume the responsibility of obtaining authority from the County under that clause. Under these circumstances, Unity Farm had no right to rely on the defendants' expression of opinion as to a matter of law, i.e., that the grandfather clause covered Unity Farm's intended use, because Unity Farm had assumed the responsibility in the letter of intent for dealing with that issue prior to signing a lease for the premises.

For the reasons explained, the bill does not set forth allegations that permit relief on the claim of fraud, and the demurrer will be sustained. The plaintiffs will be allowed twenty-one days to file an amended bill, alleging any special circumstances consistent with the principles discussed in this opinion, if they be so advised.

### Decision - Count II

The demurrer to Count II contends that the bill does not set forth facts that support recovery in quantum meruit because (1) the doctrine does not apply to leases, (2) the letter of intent is not illegal, and (3) the letter of intent sets out "the value and consideration of these improvements." Unity Farm responds by arguing that (1) the letter of intent is not a mere lease but a "lease with an option to buy," (2) Unity Farm relied on the defendants' assurances, and (3) the provisions in the letter of intent regarding credits for improvements do not limit Unity Farm's right to recover in quantum meruit the "true value of services and materials."

Candidly, the court does not fully comprehend either the defendants' arguments or Unity Farm's rebuttal arguments concerning this portion of the demurrer. In fact, several aspects of the claim and the demurrer to the claim are troublesome, such as: (1) the defendants' contention that the transaction is a lease and Unity Farm's contention that it is a lease with option to purchase, when in fact the only document mentioned thus far is this case is a letter of intent which does not appear to be either a lease or an option; (2) the claim by Unity Farm that it improved the property in reliance on the defendants' representations, when in fact it is doubtful that the pleading establishes reliance, for the reasons discussed in connection with the fraud count; (3) the fact that this claim in quantum meruit, a species of the common law action of assumpsit, is on the equity side of the court.

Despite these observations, the court's duty on a demurrer is to consider only those grounds specifically set forth in the demurrer. Virginia Code § 8.01-273. Finding that the demurrer fails to provide a basis for holding that Count II does not state facts upon which relief can be granted, the demurrer will be overruled and denied.

### Decision - Count III

Count III of the bill is labelled "Breach of Real Estate Agent's Duty." According to the pleading, the real estate agents in this case were agents of Slabtown, not Unity Farm. The Supreme Court of Virginia recently refused to create a separate cause of action in favor of a prospective purchaser against an agent of the seller. *Allen v. Lindstrom*, 237 Va. 489 (1989). The holding in that case governs the disposition of Unity Farm's claim that it can recover from some of the defendants on the basis of breach of a duty which they owed, as *Slabtown's agents*, to Unity Farm. *See also, Ayyildiz v. Kidd*, 220 Va. 1080 (1980).

While there is a general duty to the public owed by every real estate agent, it is not the type of duty that converts into a private right of action where there is no special relation between the agent and the claimant. *See, Allen v. Lindstrom, supra.* Further, these persons may have committed certain acts which would give rise

to a cause of action by Unity Farm, such as fraud, but that action is not predicated on a "real estate agent's duty." Instead, that claim is merely duplicative of the claim asserted in Count I. The fact that some of the persons who allegedly committed the fraud were realtors does not alter the basis of the claim or the type of relief available.

Accordingly, the demurrer to Count III will be sustained.

## Decision - Punitive Damages

The defendants demur to the claim of punitive damages in the bill. Because of the court's rulings with regard to Count I and Count III of the bill, to which the prayer for punitive damages is attached, the issue is moot.

## Conclusion

For the reasons explained, the demurrer to Count I and Count III will be sustained. The plaintiffs may amend Count I of the bill within twenty-one days from the date of the order; Count III will be dismissed. The demurrer to Count II is overruled and denied. The demurrer to Count IV is moot.