A91A1610. STEIMER et al. v. NORTHSIDE BUILDING SUPPLY COMPANY, INC.
A91A1611. CROW et al. v. NORTHSIDE BUILDING SUPPLY COMPANY, INC.
(415 SE2d 688)

SOGNIER, Chief Judge.

Northside Building Supply Company, Inc., which supplied materials for the construction of a residence, brought suit for conspiracy to defraud against Norma Steimer and Thomas Steimer, the buyers of the house; E. T. Kassinger, Inc. ("ETK"), the alleged builder of the house; Edward T. Kassinger, the president and principal shareholder of ETK; and Roger L. Crow, who under power of attorney from Kassinger executed a contractor's affidavit at the closing of the house sale. A jury awarded damages and attorney fees to Northside, and judgment was entered against all defendants. The Steimers appeal in Case No. A91A1610, and Kassinger, Crow, and ETK appeal in Case No. A91A1611, adopting the Steimers' enumerations and arguments. We have consolidated the two appeals for decision.

Construed to support the jury's verdict, the evidence presented at trial established that in 1987 the Steimers agreed to purchase a house to be constructed by Chip Kassinger, Inc. ("CKI"), a company

wholly owned by Kassinger, on a lot owned by Kassinger. Ms. Steimer and Kassinger had a business relationship, as she was a residential real estate agent and had sold eight houses he had developed. Construction began in November 1987, with the building materials supplied primarily by appellee. At trial, the parties sharply disputed whether the materials were purchased by ETK, as appellee contended, or by CKI, as contended by appellants. CKI's contractual obligations to appellee were discharged in bankruptcy in late 1988.

By May 1988 the Steimers had sold their current home and had been served with a dispossessory warrant filed by the purchaser of that home. Although the new house was not yet completed, Kassinger agreed to close the sale on June 10, 1988 as an accommodation to the Steimers. At the closing, Crow executed a contractor's affidavit on behalf of Kassinger individually in which he averred that "all labor, all services, and all materials entering into the [construction of the house] have been fully and completely paid for" and that the affidavit was "made by deponent for the purpose of influencing [the Steimers' mortgage lender] to place a loan on the above described property, and to induce [the Steimers] to purchase said property." The loan proceeds then were disbursed, title was transferred from Kassinger to the Steimers, and the Steimers took possession of the house.

It is undisputed that at the time Crow executed this affidavit both he and Kassinger knew that appellee and numerous other suppliers and subcontractors had not been paid in full. Crow also testified that he heard the Steimers discussing the status of unpaid bills at the closing. Appellee had not filed either a preliminary notice of lien rights or a claim of lien prior to the closing. When Paul Donelson, appellee's president, approached Kassinger and Crow in August 1988 to discuss the outstanding bills, he learned that the closing had occurred and the contractor's affidavit had been executed.

1. Appellants first contend the trial court erred by denying their motions for directed verdict because there was no evidence of a conspiracy to defraud appellee. To recover on a fraud claim, a plaintiff must prove that the defendant knowingly made false representations with the intent to deceive the plaintiff, that the plaintiff relied on the misrepresentations, and that the plaintiff was injured or damaged as a result. E.g., *Eckerd's Columbia v. Moore*, 155 Ga. App. 4, 5 (270 SE2d 249) (1980). Here, appellee did establish that Crow and Kassinger knowingly made false representations by giving the contractor's affidavit, and there was evidence from which the jury could infer that the Steimers participated knowingly in or induced this misrepresentation. Appellee also showed that it was damaged, for the giving of a duly executed affidavit under the circumstances set forth in OCGA § 44-14-361.2 (a) (2), even if false, dissolved appellee's lien rights under OCGA § 44-14-361 (a) (6). *Lowe's of Ga. v. Merwin*, 156 Ga. App. 876

(1) (275 SE2d 812) (1981). The duly executed affidavit was given by Kassinger, the owner, "when conveying title in a bona fide sale . . . transaction" and stated that all obligations for labor and materials had been paid, OCGA § 44-14-361.2 (a) (2) (A), and was given as part of a loan and sale closing at a time when appellee had not filed either a claim of lien or a preliminary notice of lien rights. Id. at (a) (2) (B).

However, we agree with appellants that appellee did not establish the essential elements of false representations made with the intent to deceive *appellee* and action or forbearance by appellee in reliance upon such misrepresentations. See *Clements v. Warner Robins Supply Co.*, 235 Ga. 612, 613-614 (2) (221 SE2d 35) (1975). The only misrepresentation proved at trial was made to the lender, not to appellee. Moreover, " '[t]here was no evidence that [appellee] relied on the representations concerning [payment of bills for labor and materials]. Rather than relying on the representations, [appellee] disputed them as soon as ([it] had knowledge thereof) and maintained [its] position consistently thereafter. [Appellee] never acted on them except in furtherance of [its] denial of their validity. . . .' [Cit.]" *Walker v. Hurd*, 195 Ga. App. 855, 856 (1) (394 SE2d 925) (1990). Thus, appellee did not state a claim for fraud. See id. (no fraud claim by landowner against surveyor where misrepresentation was made by surveyor to third party and not relied upon by landowner); see also *Davis v. Northside Realty Assoc.*, 165 Ga. App. 96, 97-98 (2) (299 SE2d 186) (1983) (no recovery allowed on fraud claim arising from real estate transaction where plaintiffs acted in reliance upon third party's statements rather than representations of defendants); *Hubacher v. Volkswagen Central*, 164 Ga. App. 791, 792-793 (1) (298 SE2d 533) (1982) (plaintiff, purchaser of used car from person who bought it from dealer, had no fraud claim against dealer for misrepresentation made to plaintiff's seller).[1] Accordingly, we hold the trial court erred by denying appellants' motions for directed verdict.

2. Because of our decision in Division 1, we need not address appellants' remaining enumerations.

*Judgments reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 3, 1992 — RECONSIDERATION DENIED FEBRUARY 17, 1992 — 

*Allman & Lanner, David E. Allman,* for appellants (case no.

---

[1] We note that the facts adduced at trial might have been sufficient to authorize a jury verdict against ETK on account, but appellee did not allege such a claim, and the verdict form the parties agreed to submit to the jury limited the possible verdict to appellee's claim that appellants "did conspire and commit fraud."

A91A1610).

*Rafe Banks III*, for appellants (case no. A91A1611).

*Richardson, Chenggis & Constantinides, George G. Chenggis*, for appellee.