A93A1331. RAMPEY v. JAY PONTIAC GMC TRUCK, INC.
(440 SE2d 52)

COOPER, Judge.

Appellant filed a lawsuit against appellee, alleging that she had been fraudulently induced into purchasing a used car from appellee and seeking general and punitive damages. Appellee moved for summary judgment on the ground that appellant's fraud action was precluded because she did not rescind the contract and tender back the car. The trial court granted appellee's motion for summary judgment and this appeal follows.

In August 1990, appellant, accompanied by her husband, went to appellee's business to buy a used automobile. When asked whether the car in question had ever been wrecked, appellee's salesman re-

plied that it had not. Appellant purchased the car and signed a finance agreement with GMAC as well as a purchase contract which stated that the car was purchased "as is" and that no warranties were made as to the car. Soon after she bought the car, appellant experienced problems with it and subsequently discovered that the car had been damaged in an accident. Appellant's attempts to resolve the matter with appellee were unsuccessful.

"[U]nder Georgia law, traditionally two actions have been available to a buyer in which to sue a seller for alleged misrepresentation in the sale. The buyer could affirm the contract and sue in contract for breach or he could seek to rescind the contract and sue in tort for alleged fraud and deceit. [Cits.]" *City Dodge v. Gardner*, 232 Ga. 766, 768 (208 SE2d 794) (1974). "In an action for fraud, 'if the defrauded party has not rescinded but has elected to affirm the contract, he is relegated to a recovery in contract and the merger clause will prevent his recovery. This result obtains because where the allegedly defrauded party affirms a contract which contains a merger or disclaimer provision and retains the benefits, he is estopped from asserting that he relied upon the other party's misrepresentation and his action for fraud must fail.' . . . [Cits.]" *American Demolition v. Hapeville Hotel &c. Partnership*, 202 Ga. App. 107, 108-109 (1) (413 SE2d 749) (1991). Appellant, relying on *Crews v. Cisco Bros. Ford-Mercury*, 201 Ga. App. 589 (1) (411 SE2d 518) (1991), argues that a question of fact exists regarding her attempt to rescind the contract and that to return the car while she was still financially obligated to a third-party creditor, GMAC, was unreasonable. In *Crews*, the plaintiffs brought actions seeking to rescind their contracts for the purchase of used vehicles. This court held, "[o]ne seeking to rescind a contract for fraud must restore or tender back the benefits received under the contract, or show a sufficient reason for not doing so; he need not tender back what he is entitled to keep, and need not offer to restore where the defrauding party has made restoration impossible [cit.], or when to do so would be unreasonable. [Cits.]" *Crews*, supra at 590. We find that appellant's reliance on *Crews* is misplaced, because pretermitting whether appellant attempted to tender back the car, it appears from her complaint that she has not elected to rescind the contract but has merely set forth a prayer for damages instead. See *Jackson v. Paces Ferry Dodge*, 183 Ga. App. 502 (3) (359 SE2d 412) (1987); see also *Fussell v. Carl E. Jones Dev. Co.*, 207 Ga. App. 521 (1a) (428 SE2d 426) (1993). Having elected only to seek damages under the contract, appellant is bound by the merger clause of the contract. See *Carpenter v. Curtis*, 196 Ga. App. 234, 237 (395 SE2d 653) (1990). Accordingly, the trial court's grant of summary judgment was proper.

*Judgment affirmed. Smith, J., concurs. Beasley, P. J., concurs in*

*judgment only.*

DECIDED DECEMBER 17, 1993 —
RECONSIDERATION DENIED JANUARY 11, 1994 —

*Key & Kirby, L. Jack Kirby*, for appellant.
*Richard A. Childs*, for appellee.