## CIRCUIT COURT OF NORTHUMBERLAND COUNTY

Hermann Spitzer
and Lotte Spitzer

v.

Genanco, Inc., et al.

February 4, 1994

BY JUDGE JOSEPH E. SPRUILL, JR.

The plaintiffs here claim they were induced to enter a contract to purchase a building lot in Northumberland County by the fraudulent misrepresentations of the real estate agent.

The defendants demur, claiming that the Motion for Judgment fails to allege facts constituting actionable fraud. They demur to the punitive damage count claiming the Motion for Judgment fails to allege actual malice on the part of either of the defendants.

The dispute centers on the agent's representations concerning the Chesapeake Bay Preservation Act. The plaintiffs claim the agent assured them that the present provisions of the Act and future amendments to it would not adversely affect their building plans, even if there were a five-year delay in construction. Further, plaintiffs claim the agent stated that the necessary permits could be obtained before the plaintiffs purchased the property (which apparently is true) and that once obtained, these permits would be "grandfathered" and plaintiffs' rights would be indefinitely vested (which apparently is not true).

We take as true the facts alleged in the Motion for Judgment for purposes of this ruling.

The issue here is whether the statements attributable to the agent can support this action based on fraud.

The allegations of the Motion for Judgment convey the concern plaintiffs had over how the Act would affect their building plans. They allege that they "needed assurance that the present provisions of the

Act or future amendments to the Act would not adversely affect their building plans . . . ." All alleged misrepresentations by the agent relate directly to her interpretation of the Act. Nothing in the pleading suggests that the agent misrepresented anything other than what was or would be permitted by the Act.

A misrepresentation which will avoid a contract must generally be a statement of fact and not merely an opinion. *Hicks v. Wynn*, 137 Va. 186 (1923).

It is not always easy to determine whether a statement is one of opinion or one of fact. In deciding the question, the subject matter, the form of the statement, the attendant circumstances, and the knowledge of the parties must be considered. What is susceptible of exact knowledge when a statement is made is usually considered as a matter of fact. *Poe v. Voss*, 196 Va. 821 (1955). Whether a law will be amended in the future, and if so, what those amendments will be is not susceptible of exact knowledge.

In *Hicks*, our Supreme Court held:

> That a misrepresentation or misunderstanding of the law will not vitiate a contract, where there is no misunderstanding of the facts, is well settled.
>
> In *Fish v. Clelland*, 33 Ill. 243, the principle is expressed in these words: "A representation of what the law will or will not permit to be done is one on which the party to whom it is made has no right to rely; and if he does so, it is his folly, and he cannot ask the law to relieve him from the consequences. The truth or falsehood of such a representation can be decided by ordinary vigilance and attention. It is an opinion in regard to the law and is always understood as such." . . . .
>
> The law is presumed to be equally within the knowledge of all parties.

The parties here cannot be said to be on unequal terms. Unlike the relationship of the insurance company and its agent in *Nationwide Ins. Co. v. Patterson*, 229 Va. 627, 331 S.E.2d 490 (1985), or the auto dealership and its agent/salesman in *Jordan v. Sauve*, 219 Va. 448, 247 S.E.2d 739 (1978), in each of which the parties were dealing on unequal terms because the agent in each instance had information not equally open to the other, in this case, the Act is a public law and is "presumed to be equally within the knowledge of all parties."

Relying on *Hicks*, the demurrer is sustained as to both counts. Mr. Bugg may, if he wishes, file amended pleadings within fifteen days.