A94A1548. MADDOX v. SOUTHERN ENGINEERING COMPANY et al.
(453 SE2d 70)

Pope, Chief Judge.
Plaintiff H. Gilbert Maddox, Jr., M. D., appeals the trial court's dismissal of his two-count complaint against defendants Southern Engineering Company, Carroll County Water Authority ("the Authority"), and Still Waters Plantation, Ltd. ("SWP") for failure to state a claim. We affirm the trial court's dismissal of plaintiff's fraud claim, but reverse the dismissal of his state RICO claim.

Viewing the complaint in a light favorable to plaintiff, it appears that Carroll County hopes to build a new dam and reservoir. Plaintiff owns property near Whooping Creek, one potential site for the dam and reservoir; and if the reservoir is created there, plaintiff will develop his land and its value will increase. Defendant SWP owns property near an alternative site on Snake Creek, however, and the value of its property will increase if the reservoir is created there. Plaintiff alleges that Southern Engineering, the Authority, and SWP conspired to provide governmental entities with false information to ensure that the new dam and reservoir will be built on Snake Creek. Specifically, plaintiff alleges that the Authority submitted a permit application to the United States Army Corps of Engineers ("the Corps") in which it made false statements, and that the Authority and Southern Engineering submitted a water supply alternative analysis to the Corps in which they made additional false statements. In his amended complaint, plaintiff further avers that defendants submitted false reports to state agencies as well.

Plaintiff first filed a complaint against defendants based solely on fraud. After defendants filed motions to dismiss for failure to state a claim, plaintiff amended his complaint, stating his fraud count with more particularity and adding a second count based on the Georgia

RICO Act. See OCGA § 16-14-1 et seq. The trial court then dismissed plaintiff's entire complaint.

1. The trial court properly dismissed plaintiff's fraud claim. To state a cause of action based on fraud, a plaintiff must allege facts showing that the defendants knowingly made false statements, that they made those statements with an intention to induce plaintiff to act or refrain from acting in reliance on the statements, that the plaintiff justifiably relied on the false statements, and that plaintiff was damaged as a result. See, e.g., *Steimer v. Northside Bldg. Supply Co.*, 202 Ga. App. 843 (415 SE2d 688) (1992). In *Steimer*, a builder and general contractor made false representations to an owner, and the plaintiff materialman was damaged as a result. Yet even though the plaintiff was damaged as a result of the false representations, we held there was no fraud because the false representations were made to a third party and the plaintiff was not misled by them; indeed, the plaintiff knew the representations were false and disputed them as soon as he became aware of them. Id. at 845. This case, in which the alleged false representations were made to governmental entities, presents a similar situation. Although plaintiff alleges in his amended complaint that he failed to develop his land as a result of defendants' representations, this allegation does not get to the heart of the matter: plaintiff may have failed to develop his land because of the existence of an alternative reservoir site, but he was not misled in any way by any false representation allegedly made by defendants. Thus, plaintiff fails to state a cause of action based on fraud, and his failure is one which cannot be cured by pleading his cause with more specificity.

2. Nonetheless, we agree with plaintiff that the trial court erred in dismissing his state RICO claim. Under the state RICO Act, it is unlawful for anyone to acquire an interest in or control of money or property through a pattern of racketeering activity (OCGA § 16-14-4 (a)), and anyone who is injured by reason of any violation of OCGA § 16-14-4 shall have a cause of action for three times the actual damages sustained (OCGA § 16-14-6 (c)). To establish that defendant engaged in racketeering activity, a plaintiff must show that the defendant committed predicate offenses (set forth in OCGA § 16-14-3 (9)) at least twice. Defendants argue that plaintiff's RICO claim is based on incidences of fraud as predicate offenses, so if there is no fraud (as we decided in Division 1), there can be no RICO violation. Plaintiff's RICO claim is not based on defendants' alleged fraud, however. Instead, it is based on alleged violations of OCGA § 16-10-20, which prohibits the making of a false statement "in any matter within the jurisdiction of any department or agency of state government or of the government of any county, city, or other political subdivision of this state." A violation of this Code section constitutes "racketeering

activity" for purposes of the Georgia RICO Act. OCGA § 16-14-3 (9) (A) (xv). Moreover, while plaintiff must show the defendants' criminal acts injured him to recover treble damages under OCGA § 16-14-6 (c), his inability to show that he was actually misled by the false statements is not fatal. Plaintiff has not specified what false statements were made to state agencies, but he does not have to do so at this point; defendants may move for a more definite statement if they need more specificity. See *Interagency, Inc. v. Danco Financial Corp.*, 203 Ga. App. 418 (1a) (417 SE2d 46) (1992). As the averments of the complaint do not "disclose with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim," *DeKalb County v. Ga. Paperstock Co.*, 226 Ga. 369, 370 (1) (174 SE2d 884) (1970), plaintiff's RICO claim should not have been dismissed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Smith, J., concur.*

## ON MOTION FOR RECONSIDERATION.

Defendant Carroll County Water Authority argues for the first time on motion for reconsideration that, as a governmental entity, it cannot be sued under the Georgia RICO statute. This argument was not addressed below, and we will not address it for the first time here. However, nothing in this opinion precludes defendants from raising this or other issues in a subsequent motion for summary judgment.

DECIDED DECEMBER 13, 1994 —
RECONSIDERATIONS DENIED JANUARY 5, 1995.

*Gary P. Bunch*, for appellant.

*Tisinger, Tisinger, Vance & Greer, Kevin Buice, Johnson, Beckham & Dangle, W. P. Johnson, Thomas E. Parmer, Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Fain, Major & Wiley, Christopher E. Penna*, for appellees.