A01A1685. LAKESIDE INVESTMENTS GROUP, INC. v. ALLEN.
(559 SE2d 491)

MILLER, Judge.

Representing landowners seeking to sell their property, Briggs Allen told Lakeside Investments Group, Inc. that the piece of property was zoned entirely for office and industrial use (O & I), when in fact only the front portion was so zoned. Lakeside purchased the property for office use and did not learn the true zoning status of the property until it applied for a building permit. Lakeside sued Allen for fraud, and the trial court granted Allen summary judgment on the ground that zoning status is a matter of law and therefore representations concerning such cannot serve as a basis for fraud.[1] We agree with the trial court and affirm.

On appeal of a grant of summary judgment, we review the evidence de novo to determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the movant was entitled to judgment as a matter of law.[2] We construe the evidence in favor of the nonmovant.[3]

So construed, the evidence shows that in late 1997 Lakeside's representative Walter Duncan saw Allen's "For Sale" sign on the

[10] *Patman v. State*, supra at 836; see also *State v. Folk*, 238 Ga. App. 206 (521 SE2d 194) (1999).

[1] See *Gignilliat v. Borg*, 131 Ga. App. 182, 183 (1), (3) (205 SE2d 479) (1974).

[2] *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).

[3] Id.

property, which advertised the property as zoned O & I. Duncan contacted Allen, who represented the landowners and who told Duncan that the entire three acres were zoned O & I and gave him a flyer confirming such. In truth, only the front portion was so zoned with the back portion zoned residential, a fact with which Allen was very familiar.

In March 1998 Lakeside entered into a contract with the landowners to purchase the property. Allen was also a party to the contract, signing as the broker representing the landowners. The contract had a merger provision that made nonbinding any representations not included in the written agreement and further had a disclaimer provision in which Lakeside acknowledged that it was not relying on any representations of Allen concerning the purchase and ownership of the property. Title was to be conveyed subject to zoning ordinances affecting the property. The contract contained a handwritten stipulation that it was contingent upon Lakeside obtaining within 30 days any zoning approvals from the county needed for the intended office use of the property.

Duncan visited the Gwinnett County zoning office, where the county employees told him that the entire property was zoned O & I and gave him a copy of some documents that did not directly address the zoning status of the property. Duncan did not review the official zoning map nor the resolution approving the commercial rezoning of the property. Convinced that he had exhausted all possible avenues of research and confidently relying on the statements made to him by employees of the county zoning office, Duncan felt satisfied regarding the zoning status of the property, and so Lakeside purchased it in May 1998.

Within weeks, Duncan returned to the county offices to obtain a building permit, when he was informed for the first time that only a portion of the property was zoned O & I. At that time he reviewed the official county zoning map and the county resolution rezoning only the front portion of the property to O & I. He contacted the original landowners and sought to rescind the sales transaction, but they refused. He then successfully sought rezoning from the county to have the entire property zoned O & I, and Lakeside has since built one office building on the property with plans to build four more.

Lakeside sued Allen for fraud and sought damages caused by the delay and expense in obtaining the rezoning of the entire property to O & I. Allen moved for summary judgment on the grounds that the contract's merger clause precluded reliance on the alleged misrepresentation and that zoning status was a matter of law that could not serve as a basis for fraud. The court granted the motion, agreeing with Allen's rationale and finding particularly persuasive the argument that zoning status is a matter of law. Lakeside appeals,

enumerating that the court erred in holding that misrepresentation and concealment in zoning status can never constitute fraud.

We evaluate whether some evidence supports the five elements of fraud: (1) false representation by defendant; (2) scienter; (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff.[4] The absence of a single element will sustain summary judgment.[5] We hold that the element of justifiable reliance is missing for two independent reasons.

1. First, a misrepresentation as to a matter of law "is a statement of opinion only and can not afford a basis for a charge of fraud or deceit in the making of the contract."[6] This is because all persons are presumed to know the law and therefore cannot be deceived by erroneous statements of law.[7] Since zoning is a legislative function of the county, "whether land has been zoned, and if so, the uses which may be made of the land under the applicable law or ordinance [are] a matter of law" and therefore cannot serve as a basis for a fraud action.[8] As explained in *Gignilliat v. Borg*,[9] Lakeside's citation to *Flannagan v. Clark*[10] for a contrary proposition is erroneous.

Moreover the sales contract here is expressly subject to zoning ordinances affecting the property. This provision alone put Lakeside "on notice of whatever ordinances Gwinnett County may have adopted applicable to the particular land. The ordinances were equally accessible to the seller and the purchaser[ ] for determining what their effect on use of the land might be."[11] Simply put, a buyer cannot show justifiable reliance where the alleged misrepresentation concerns a matter of public record that is readily ascertainable upon inquiry.[12] Here the resolution rezoning the property and the official zoning map were matters of public record available for Lakeside's review. Lakeside's decision instead to rely on the oral statements of the county employees is not grounds for holding Allen liable.

Lakeside seeks to distinguish its case on the ground that the underlying fraud is fraudulent concealment, not direct misrepresentation. The record belies this assertion, for Duncan testified that Allen directly told him that Allen had the whole property zoned

---

[4] *Smalls v. Blueprint Dev.*, 230 Ga. App. 556, 559 (1) (497 SE2d 54) (1998).

[5] Id.

[6] *Gignilliat*, supra, 131 Ga. App. at 183 (3).

[7] Id. at 186 (4).

[8] Id. at 183 (1), (3); accord *Davis v. Northside Realty Assoc.*, 165 Ga. App. 96-97 (1) (299 SE2d 186) (1983).

[9] Supra, 131 Ga. App. at 185-186 (3).

[10] 207 Ga. 345 (61 SE2d 485) (1950).

[11] *Gignilliat*, supra, 131 Ga. App. at 183 (2).

[12] *Walden v. Smith*, 249 Ga. App. 32, 35 (1) (546 SE2d 808) (2001); see *Hill v. Century 21 &c. Realty*, 187 Ga. App. 754, 756 (2) (371 SE2d 217) (1988).

O & I. As argued by Lakeside in its appellate brief, the flyer Allen then gave Duncan confirmed "that the property was three acres in size and it was entirely zoned O & I."

Moreover, even if this case were one of only fraudulent concealment, that is a distinction without a difference. Zoning status is still a matter of law, whether the defendant directly misrepresents it or conceals it. In either case, the plaintiff is still presumed to know what the zoning regulations do or do not permit.[13] Zoning status, whether concealed or misrepresented, is discoverable by a diligent review of the county zoning ordinance and records and therefore cannot serve as a basis for a fraud action.[14]

2. Second, even if Lakeside could have justifiably relied on Allen's misrepresentations concerning zoning status, the undisputed evidence reflects that Lakeside did not. Not only does the contract preclude such reliance, but Duncan testified that he relied on his own investigation at the Gwinnett zoning office.

(a) A party claiming he was fraudulently induced to enter a contract has two possible remedies: (i) promptly rescind the contract after discovering the fraud and sue in tort for recovery of the contract's consideration (as well as other resulting damages); or (ii) affirm the contract and sue for damages resulting from the fraud.[15] If the party chooses the latter option and affirms the contract, however, he is bound by its terms, including the provisions of a merger clause.[16] Indeed, "[t]he presence of a merger clause is determinative if the defrauded party has not rescinded but has elected to affirm the contract."[17] Thus, real estate purchasers may not sue a seller's agent for oral misrepresentations concerning the property where the real estate contract contains a merger clause and rescission is not sought.[18]

Here Allen represented the sellers and was himself a party to the written contract in which all parties agreed that (i) no representations not contained in the contract were binding and (ii) Lakeside was not relying on any representations of Allen concerning the purchase or ownership of the property. The contract does not address the specific zoning status of the property, but makes the sale subject to the zoning ordinances affecting the property. Thus, under the con-

---

[13] *Gignilliat*, supra, 131 Ga. App. at 183 (2).

[14] See id.; cf. *Smalls*, supra, 230 Ga. App. at 557 (1) (passive concealment exception to the general rule of caveat emptor concerns only concealed defects that purchasers in the exercise of due diligence could not detect).

[15] *G. Mansour, Inc. v. Mansour's, Inc.*, 233 Ga. App. 7, 9 (1) (503 SE2d 304) (1998).

[16] Id.

[17] (Citations and punctuation omitted.) Id.

[18] *Pennington v. Braxley*, 224 Ga. App. 344, 345-346 (1) (480 SE2d 357) (1997); *Hightower v. Century 21 &c. Realty*, 214 Ga. App. 522, 523-524 (1) (448 SE2d 271) (1994).

tract Lakeside cannot now claim reliance on Allen's pre-contract representations concerning zoning and sue for fraud. As Lakeside does not seek rescission of the contract, it is bound by the contract's terms.

Citing *Crews v. Cisco Bros. Ford-Mercury*,[19] Lakeside attempts to excuse its conduct by arguing that it sought rescission and was refused and that its obligations to a third-party lender preclude its tendering back the property. This, however, does not explain why in its complaint Lakeside seeks only damages and not rescission. As explained in *Rampey v. Jay Pontiac GMC Truck*,[20] reliance on *Crews* is misplaced where rescission is not sought in the complaint.[21] Moreover, Lakeside undisputably affirmed the contract when, after learning of the fraud, it had the property rezoned and built an office building thereon with plans to build more. Even though the buyer may have early on unsuccessfully attempted to rescind the contract, improving the property thereafter shows an intent to treat the property as the buyer's own and thereby affirms the contract.[22]

(b) Furthermore, Lakeside's representative Duncan testified without equivocation that he relied on the results of his investigation at the Gwinnett zoning office in determining the zoning status of the property. As he later conducted his own independent investigation and relied on the statements of the county employees regarding zoning, as a matter of law he did not rely on Allen's earlier statements and therefore cannot show fraud.[23]

The trial court correctly granted summary judgment to Allen.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 25, 2002 — CERT. APPLIED FOR.

*Davidson & Fuller, Stephen P. Fuller*, for appellant.

*Thompson, O'Brien, Kemp & Nasuti, John P. O'Brien, Paul B. Frickey, Ronald F. Negin*, for appellee.

---

[19] 201 Ga. App. 589, 590-591 (1) (411 SE2d 518) (1991).

[20] 211 Ga. App. 632 (440 SE2d 52) (1993) (physical precedent only).

[21] Id. at 633; accord *Markowitz v. Wieland*, 243 Ga. App. 151, 153 (1) (532 SE2d 705) (2000); see *Owens v. Union City Chrysler-Plymouth*, 210 Ga. App. 378, 380 (436 SE2d 94) (1993).

[22] *Paden v. Murray*, 240 Ga. App. 487, 489 (1) (523 SE2d 75) (1999); accord *Aliabadi v. McCar Dev. Corp.*, 249 Ga. App. 309, 313-314 (2) (547 SE2d 607) (2001).

[23] See *Davis*, supra, 165 Ga. App. at 97 (2).