## CIRCUIT COURT OF THE CITY OF NORFOLK

Donald Monroe

v.

GSH Residential
Real Estate Corp.
and Joyce L. Duck

April 25, 2005

Case No. (Law) L03-2568

BY JUDGE CHARLES E. POSTON

This case was before the Court on April 21, 2005, upon the Defendants' Motion for Summary Judgment. After hearing oral argument and considering the memoranda of counsel, the Court denies the Motion for Summary Judgment.

*Facts*

The plaintiff, Donald Monroe, brought a Motion for Judgment against defendants, GSH Residential Real Estate Company ("GSH") and Joyce L. Duck, jointly and severally, alleging causes of action of negligent misrepresentation and fraud. Ms. Duck, in her capacity as a real estate agent employed at GSH, represented Mr. Monroe in finding real property to relocate his storage and repair of heavy equipment business. Mr. Monroe alleges that Ms. Duck brought him information concerning a tract of land located in Southampton County, Virginia, with assurances that the tract would be suitable for his business. After purchasing the property, Mr. Monroe was issued a violation notice advising him that the zoning laws of Southampton County prohibited the property to be used to store and repair heavy equipment.

Mr. Monroe was further informed that the zoning restrictions provided by Ms. Duck were not applicable to the tract of land that he had purchased.

*Analysis*

Under Rule 3:18 of the Rules of the Virginia Supreme Court, either party may make a Motion for Summary Judgment and the trial court may grant such motion if it appears that the moving party is entitled to judgment in his favor as a matter of law. Va. Sup. Ct. R. 3:18. A trial court of this Commonwealth, in considering a Motion for Summary Judgment, must adopt those inferences from the facts that are most favorable to the nonmoving party, unless those inferences are forced, strained, or contrary to reason. *Dickerson v. Fatehi,* 253 Va. 324, 327, 484 S.E.2d 880, 882 (1997) (citing *Carson v. LeBlanc,* 245 Va. 135, 139-40, 427 S.E.2d 189, 192 (1993)). Summary judgment is authorized only where the moving party is entitled to judgment as a matter of law and is appropriate only where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Id.* Summary judgment shall not be entered if any material fact is genuinely in dispute. Va. Sup. Ct. R. 3:18.

A plaintiff asserting a cause of action for actual fraud bears the burden of proving by clear and convincing evidence the following elements: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *Richmond Metropolitan Auth. v. McDevitt Street Bovis,* 256 Va. 553, 557-78, 507 S.E.2d 344, 346 (1988). Constructive fraud requires proof, also by clear and convincing evidence, that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of reliance upon the misrepresentation. *Id.* 507 S.E.2d at 347. "Negligent misrepresentation is the essence of a claim for constructive fraud in Virginia." *Hansen v. Stanley Martin Companies, Inc.,* 266 Va. 345, 355, 585 S.E.2d 567, 573 (2003); *see e.g., Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.,* 256 Va. 553, 559, 507 S.E.2d 344, 347 (1998).

The defendants argue that the alleged misrepresentations concerning the zoning of the property under the applicable zoning restrictions involved a matter of law, not a misrepresentation of fact. The defendants rely on *Hicks v. Wynn,* 137 Va. 186, 19 S.E. 133 (1923), in which the Supreme Court of Virginia stated:

A representation of what the law will or will not permit to be done is one on which the party to whom it is made has no right to rely;

and if he does so, it is his folly, and he cannot ask the law to relieve him from the consequences. The truth or falsehood of such a representation can be decided by ordinary vigilance and attention. It is an opinion in regard to the law, and is always understood as such.

The law is presumed to be equally within the knowledge of all parties.

*Hicks*, 137 Va. at 136-37, 19 S.E. at 136-37 (internal citations omitted).

In general, "a misrepresentation or misunderstanding of the law does not amount to actionable fraud." *Hicks v. Wynn*, 137 Va. 186, 119 S.E. 133 (1923). There are exceptions to this rule. Where the misrepresentation is more of fact than law, relief may be granted. *Brown v. Rice*, 67 Va. (26 Gratt.) 467 (1875). Also, where a special confidential or fiduciary relation exists, or where one of the parties has superior knowledge and the other has no practical access to the source of such knowledge, the rule does not apply. *Humphreys v. Baird*, 197 Va. 667, 90 S.E.2d 796 (1956). These exceptions to the general rule touch on different elements required for causes of action of fraud or constructive fraud.

The exception concerning special confidential or fiduciary relationships strikes at the reliance element of fraud and constructive fraud. In general, parties dealing at arms length are not justified in relying on the other's representation of what the law allows. *See Unity Farm Construction, Inc. v. Slabtown, Limited Partnership*, 24 Va. Cir. 242 (Spotsylvania County 1991) (Ledbetter, J.) (Plaintiff had no right to rely on the defendants' expression of opinion as to a matter of law.); *Lakeside Investments Group, Inc. v. Allen*, 559 S.E.2d 491 (Ga. App. 2002) (The element of justifiable reliance was missing.); *City of Aurora v. Green*, 467 N.E.2d 610 (Ill. App. 1984) (Third-party plaintiffs could not reasonably rely on representations concerning either existing zoning laws or their application to the property.). In the present case, the parties were in a fiduciary relationship, in which it was reasonable for Mr. Monroe to rely on the representations of his real estate agent, Ms. Duck. Thus, the Court finds that the exception that deals with the element of reasonable reliance applies to the facts of this case.

The other exception deals with the requirement that the misrepresentation be concerning an issue of material fact, as opposed to an opinion of law. The Supreme Court of Virginia has not established a bright line test to ascertain whether false representations constitute matters of opinion or statements of fact. Instead, "each case must in a large measure be adjudged upon its own

facts, taking into consideration the nature of the representation and the meaning of the language used as applied to the subject matter and as interpreted by the surrounding circumstances." *Packard Norfolk, Inc. v. Miller*, 198 Va. 557, 562, 95 S.E.2d 207, 211 (1956). "What is susceptible of exact knowledge when the statement is made is usually considered as a matter of fact." *Poe v. Voss*, 196 Va. 821, 825, 86 S.E.2d 47, 49 (1955).

The cases involving representations concerning the applicability of zoning laws deal with parties that are not in a fiduciary relationship, thus the crux of the rationale is based on the justifiable reliance element. In *Unity Farm Construction, Inc.*, the court noted that the "courts that have decided the issue hold that representations concerning zoning status are matters of law, not factual misrepresentations, and cannot provide a basis for an action of fraud." *Unity Farm Construction, Inc.*, 24 Va. Cir. at 245 (internal citations omitted). However, the court in *Unity Farm Construction, Inc.*, noted the exception to this rule for cases of special relationships or unequal footing. *Id.*

Similarly, case law in Georgia and Illinois, which was cited in *Unity Farms Construction, Inc.*, and in the defendants' brief, recognizes the exception for special relationships or unequal footing. *See Hart v. Waldo*, 117 Ga. 590, 597 43 S.E. 998, 999 (1903) (The exceptions to the operation of this rule are cases in which some fiduciary relation is found to exist, or such circumstances as show a confidential relation which gives the injured party good right to rely upon such representations, and he does so to his injury.); *see also, Gignilliant v. Borg*, 131 Ga. App. 182, 186, 205 S.E.2d 479, 482 (Ga. App. 1974); *Stichauf v. Cermak Road Realty*, 236 Ill. App. 3d 557, 603 N.E.2d 828 (Ill. App. 1992) (Liability will be found when the defendant misrepresents facts that he possesses almost exclusive knowledge.).

In *Spitzer v. Gennanco, Inc.*, 33 Va. Cir. 216 (Northumberland 1994) (Spruill, J.), the seller's agent represented to the plaintiff that provisions of the Chesapeake Bay Preservation Act and future amendments to it would not adversely affect their building plans. *Id.* Seller's agent further asserted that the necessary building permits could be obtained and, once obtained, they would be grandfathered in, and the buyer's rights would be indefinitely vested. *Id.* The court ruled that "whether a law will be amended in the future, and if so, what those amendments will be is not susceptible of exact knowledge." *Id.* The court based the remainder of its decision on the rationale that the parties were not on unequal terms and that "the Act is a public law and is presumed to be equally within the knowledge of all parties." *Id.* at 217.

In the present case, Mr. Monroe and Ms. Duck were in a fiduciary relationship, which impacts the context and surrounding circumstances the Court must take into consideration when determining if the representations

were a matter of opinion or a statement of fact. *See Packard Norfolk, Inc.*, 198 Va. at 562, 95 S.E.2d at 211. Zoning is a legislative function. Whether land has been zoned, and if so, the uses that may be made of the land under the applicable law or ordinance are matters of law. Unlike *Spitzer*, the representations made by Ms. Duck were not concerning how zoning laws could be changed in the future, but as to what the exact zoning laws were when Mr. Monroe purchased the property. This information was "susceptible of exact knowledge" when the representations were made. As the facts are presented for summary judgment, Ms. Duck provided Mr. Monroe with the zoning ordinances for the Town of Boykins, while the property was actually located in Southampton County, and represented that the property was suitable for Mr. Monroe's intended uses. The correct zoning ordinances were susceptible of exact knowledge at the time of Ms. Duck's representations. Therefore, the Court finds that the representations by Ms. Duck are statements of fact.

## Conclusion

In summary, the Court finds that Mr. Monroe was justified in relying on the representations made by Ms. Duck, his real estate agent, as to what uses the property was zoned for at the time of purchasing the property.