[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2011
JOHN LEY
CLERK

No. 11-10347
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00009-TWT

KIMELYN A. MINNIFIELD,

                                                            Plaintiff-Appellant,

versus

JOHNSON & FREEDMAN, LLC,
JOHNSON & FREEDMAN II, LLC,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 28, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Kimelyn A. Minnifield, an attorney proceeding *pro se*, appeals from the district court's dismissal of her claims brought pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692e–1692g, and Georgia common law.[1]  Minnifield argues that the district court erred in dismissing her claim brought under § 1692f because at the time Johnson & Freedman, L.L.C. and Johnson & Freedman II, L.L.C. (Johnson & Freedman) initiated foreclosure proceedings against her, their client, Wells Fargo Bank (Wells Fargo), did not have the present right of possession of her property, as required by the FDCPA. She also argues that the district court erred in dismissing her claim for actual damages, in the form of emotional distress, under the FDCPA and her state law claim for fraud because Johnson & Freedman wilfully misrepresented the validity of her debt and Wells Fargo's legal status in reference to her debt.

I.

We review the grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) *de novo*, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010).  To avoid dismissal, a complaint

---

[1]  Minnifield challenges only the dismissal of her § 1692f claim, not her claims under §§ 1692e and 1692g. Thus, those issues have been abandoned. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

must allege "enough facts to state a claim for relief that is plausible on its face" and that rises "above the speculative level." *Id.* at 1380 (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

## II.

## A.

The FDCPA prohibits the "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A). Although Georgia law allows contracts to have retroactive effect between the parties to the contract, the retroactive date is not effective against third parties to the agreement. *See Outdoor Systems, Inc. v. Wood*, 543 S.E.2d 414, 417 (Ga. Ct. App. 2000).

In support of her argument, Minnifield notes that on September 14, 2009, two weeks after the foreclosure, Johnson & Freedman filed an assignment, on behalf of Wells Fargo, executed on August 28, 2009.[2] The assignment indicated

---

[2] Generally, if matters outside the pleadings are to be considered by the district court, a Rule 12(b)(6) motion must be converted into a Rule 56 summary judgment motion, except that, "[i]n ruling upon a motion to dismiss, the district court may consider an extrinsic document if it

3

an effective date of May 29, 2009, before Johnson & Freeman's initial correspondence with Minnifield in June 2009. But the retroactive effect of contracts cannot be effective against Minnifield as a third party and the retroactive effective date does not provide Wells Fargo retroactive standing to initiate the foreclosure proceedings. Thus, it was error for the district court to dismiss Minnifield's 1692f claim on the sole basis that Georgia allows contracts to take effect retroactively. Therefore, we vacate and remand the district court's grant of the motion to dismiss Minnifield's § 1692f claim.

B.

The FDCPA also allows a plaintiff to recover "any actual damage sustained" as a result of a violation of the statute. 15 U.S.C. § 1692k(a)(1). Actual damages under the FDCPA include damages for emotional distress. *Johnson v. Eaton*, 80 F.3d 148, 152 (5th Cir. 1996) (noting that the FDCPA not only requires that the debt collector compensate the debtor for any monetary damages, but also for "emotional distress or other injury that the debtors can prove the debt collector caused."). Because we conclude that Minnifield sufficiently

---

is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Id.* at 1379. Thus, we may consider the assignment document on appeal because neither party has challenged the document's authenticity, both parties attached it to their pleadings, and the document is central to Minnifield's claim that Johnson & Freedman initiated foreclosure proceedings against her before Wells Fargo had a security interest in her property.

alleged a violation of § 1692f to survive Johnson & Freedman's Rule 12(b)(6) motion, we also vacate and remand the district court's dismissal of her emotional distress claim under FDCPA.

C.

Minnifield next argues that the district court erred when it dismissed her claim for fraud. Under Georgia common law, the tort of fraud has five elements: (1) a false representation by the defendant; (2) scienter; (3) intention to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff. *Dockens v. Runkle Consulting, Inc.*, 648 S.E.2d 80, 83 (Ga. Ct. App. 2007). Additionally, allegations of fraud must be pled with particularity. Fed. R. Civ. P. 9(b). Georgia courts have held that there was no justifiable reliance to support a fraud claim where the plaintiff knew that the representations were false, *Baranco, Inc. v. Bradshaw*, 456 S.E.2d 592, 593-94 (Ga. Ct. App. 1995), or where the plaintiff did not rely on the representations, *Steimer v. Northside Bldg. Supply Co.*, 415 S.E.2d 688, 689-90 (Ga. Ct. App. 1992).

Because Minnifield failed to plead any facts with sufficient particularity to demonstrate scienter on the part of Johnson & Freedman, and failed to plead that

5

she justifiably relied on its false representation, she has not stated a viable common law fraud claim. Thus, the district court's dismissal is affirmed.

After a thorough review of the record and consideration of the parties' briefs, we vacate and remand the dismissal of Minnifield's § 1692f and emotional distress claims, and affirm the dismissal of her common law fraud claim.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**